**Arizona Consumer Law Group, PLC**
John N. Skiba (022699)
Jesse H. Walker (032761)
1640 South Stapley Drive, Suite 127
Mesa, Arizona 85204
T: (480) 420-4028  F: (480) 302-7844
Email: john@skibalaw.com
*Counsel for Plaintiff*

# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| SHEILAH HUNTER,<br><br>           Plaintiff,<br>v.<br><br>MIDLAND FUNDING, LLC, a Delaware limited liability company,<br><br>           Defendants. | Case No: _____<br><br>**COMPLAINT**<br><br>JURY TRIAL DEMANDED |

   Plaintiff Sheilah Hunter, through counsel, does hereby state her complaint against Defendant Midland Funding, LLC (hereinafter "Midland Funding") as follows:

## JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

2. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") and the invasions of Plaintiff's personal privacy by this Defendant in its efforts to collect a consumer debt.

3. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

///

-1-

## PARTIES

4. Plaintiff Sheilah Hunter is a natural person who resides in the City of Sun Lakes, County of Maricopa, State of Arizona, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5. Defendant Midland Funding, LLC is a limited liability company organized and operating under the laws of the State of Delaware, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

6. Midland Funding has alleged that Plaintiff incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5) through Chase Bank USA, N.A.

7. Sometime thereafter, the alleged debt was purportedly consigned, placed or otherwise transferred to Midland Funding, LLC for collection from the Plaintiff and Hunter Zuber.

8. On July 19, 2012 Midland Funding filed a collection lawsuit against "Hunter Zuber and Jane Doe Zuber, His Wife and Each of Them" in the San Tan Justice Court seeking payment on a Chase Bank USA, N.A. ("Chase Bank") account in the amount of $7,357.20. The justice court assigned the matter case number CC2012-139707.

9. A default judgment was entered against "Hunter Zuber and Jane Doe Zuber" on September 24, 2012.

10. After the entry of the Default Judgment, Midland Funding amended the caption of the judgment to include the name of Plaintiff Sheilah Hunter.

11. Plaintiff Sheilah Hunter has never been married to Hunter Zuber, and in fact Plaintiff Sheilah Hunter is Hunter Zuber's mother.

12. Plaintiff Sheilah Hunter was never an owner of the subject Chase Bank account or associated with the underlying Chase Bank account in any way.

13. Despite Plaintiff Sheilah Hunter not being a wife of Hunter Zuber, a joint owner of the Chase Bank Account, or obligated on the Chase Bank debt in any way, Midland Funding amended the Default Judgment to include Plaintiff Sheilah Hunter's name and has begun collection attempts on the debt against Plaintiff Sheilah Hunter.

14. Defendant Midland Funding, through its counsel Johnson Mark, LLC has made inquiries against Plaintiff Sheilah Hunter's credit reports.

15. On January 26, 2016 Defendant Midland Funding sent collection letters demanding payment from Plaintiff Sheilah Hunter in the amount of $8,740.79.

16. Defendants collectively are in violation of numerous and multiple provisions of the FDCPA including but not limited to 15 U.S.C. §§ 1692e, 1692e(10), 1692f, 1692f(1),

17. Plaintiff has suffered actual damages as a result of these illegal collection actions in the form of reduction in credit score, anger, anxiety, emotional distress, fear, humiliation, frustration, amongst other negative emotions.

## TRIAL BY JURY

18. Plaintiff is entitled to and hereby respectfully demands a trial by jury. U.S. Const. amend. 7. Fed.R.Civ.P. 38.

## CAUSES OF ACTION

### COUNT I.
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692 *et seq.*

19. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

20. The foregoing acts and omissions of each and every Defendant constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 *et seq.*

21. As a result of each and every Defendant's violations of the FDCPA, Plaintiff is therefore entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each and every Defendant herein.

///

## COUNT II.
## VIOLATIONS OF THE ARIZONA FAIR DEBT COLLECTION PRACTICES ACT
## A.R.S § 32-1001 *et seq.*

22. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

23. The foregoing acts and omissions of each and every Defendant constitute numerous and multiple violations of the Arizona FDCPA including, but not limited to, each and every one of the above-cited provisions of the Arizona FDCPA, A.R.S. § 32-1001 *et seq.*

24. Plaintiff is entitled to actual damages and attorney's fees and costs from each and every defendant herein.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that judgment be entered against each and every Defendant:

## COUNT I.
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692 et seq.

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against each and every Defendant;
- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against each and every Defendant;
- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against each and every Defendant;

## COUNT II.
## VIOLATIONS OF THE ARIZONA FAIR DEBT COLLECTION PRACTICES ACT
## A.R.S § 32-1001 et seq.

- for an award of actual damages against each and every Defendant;
- for an award of costs of litigation and reasonable attorney's fees against each and every Defendant;

**DATED** this 6th day of January 2017.

Arizona Consumer Law Group, PLC


**/s/ John Skiba**
John N. Skiba
Jesse H. Walker
*Attorney for Plaintiff*

## VERIFICATION OF COMPLAINT AND CERTIFICATION BY PLAINTIFF

STATE OF ARIZONA            )
                            ) ss
County of Maricopa          )

Sheilah Hunter, having first been duly sworn and upon oath, deposes and says as follows:

1. I am a Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.
6. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

_Sheilah Hunter_
Sheilah Hunter

Subscribed and sworn to before me
this 4th day of November, 2016.

_Kymberlee Rudd_
Notary Public

KYMBERLEE RUDD
Notary Public, State of Arizona
Maricopa County
My Commission Expires
April 15, 2019